UNITED STATES of America, Plaintiff—Appellee,

v.

Nathaniel William NORMAN, Defendant—Appellant.

No. 06–30397.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

Nancy D. Cook, Esq., Office of the U.S. Attorney, Coeur D'Alene, ID, Anthony G. Hall, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Frank Cikutovich, Esq., Stiley, Madel & Cikutovich, Spokane, WA, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Nathaniel William Norman appeals from the district court's order, upon limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), concluding that it would not have imposed a materially different sentence and denying

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Norman's motion for resentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Norman contends that his sentence is unreasonable because the district court failed to consider on remand the disparity between his sentence and the sentences received by his codefendants, as well as his post-sentencing rehabilitation and other mitigating factors. Where, as here, a district court determines that the sentence it originally imposed would not have been materially different under an advisory Guidelines system, our review is confined to determining whether the judge "properly understood the full scope of his discretion in a post-*Booker* world." *United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006). The record shows the district court properly took into account the non-mandatory nature of the Guidelines and understood the full scope of its discretion. *See id.* We thus conclude that the sentence is reasonable. *See id.*

Norman further contends that the district court erred in failing to afford him oral argument on the issue of resentencing and by engaging in only a limited review. These contentions are foreclosed. *See United States v. Silva,* 472 F.3d 683, 686 (9th Cir.2007); *Combs,* 470 F.3d at 1296–97.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.